IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO       02 MAY 17 AM 11: 41

PATRICK CHAVEZ,
on behalf of himself and all other
City employees who have been paid
overtime that was improperly determined
under 29 U.S.C.A. § 207(a)(1) (Section
7(a)(1) of the Fair Labor Standards Act),

        Plaintiffs,

v.       CIV **CIV-02-0562 MV DJS**

CITY OF ALBUQUERQUE,

        Defendant.

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

COME NOW Plaintiffs, by and through their attorneys, The Bregman Law Firm, P.C. (by Sam Bregman) and the Branch Law Firm (by Turner W. Branch and Clyde DeMersseman), and file the following Complaint for Violation of the Fair Labor Standards Act (hereinafter FLSA):

1. Plaintiff Patrick Chavez is an individual residing at 4604 Taylor Ridge NW, Albuquerque, Bernalillo County, New Mexico 87120.

2. Defendant City of Albuquerque is a municipality of the State of New Mexico.

3. Federal jurisdiction exists because the controversy involves a matter of federal law under 28 U.S.C. § 1331 for the recovery of overtime wages under the FLSA, 29 U.S.C. § 207.

4.  Plaintiff Chavez is a firefighter employed by the City of Albuquerque who has worked overtime, and has been only partially paid for that overtime, but was not fully compensated for the overtime worked in accordance with the FLSA.

5.  This collective action is filed on the Plaintiffs' behalf pursuant to the FLSA, 29 U.S.C. § 216(b). Specifically, Plaintiff Chavez brings this action on behalf of all current and former employees of the Defendant City of Albuquerque that have worked and been partially paid for overtime, but not been fully compensated under the FLSA for such overtime, including, but not limited to, the personnel the Defendant City of Albuquerque employed or employs in the Fire Department, Police Department, the Corrections Department and/or the Detention Center; Department of Solid Waste Management Department; Public Works Department; Transit Department; Parks and Recreation Department; and all other departments, divisions or units.

6.  The within Plaintiffs have a right of recovery under the FLSA, 29 U.S.C. § 207 (a)(1) for unpaid overtime wages owed to the Plaintiffs for hours worked in excess of their normal work weeks.

7.  Besides being otherwise obligated to follow the provision of the FSLA, the Defendant the City of Albuquerque, through the Albuquerque Code of Ordinances § 31-1-11, recognizes its obligation to pay overtime under the provisions of the FSLA.

8.  Under the provision of FLSA the within Plaintiffs are owed overtime wages in an amount equal to one and one-half their "normal hourly rate of pay" for hours worked in excess of their normal work weeks.

9.  Under the provision of the FLSA the "normal hourly rate of pay" includes not only a persons "base" or "regular pay", but should also include other factors that compensate employees for hours worked, including, but not limited to the following factors, which upon

information and belief, are used by the Defendant City of Albuquerque: shift differential pay; hazardous duty pay; longevity pay; super longevity pay; holiday pay; bilingual pay; educational pay; assignment pay and, firearms qualifications.

10. Plaintiff Chavez' "Statements of Earnings and Deductions" which is received with his paycheck, indicates that the overtime rate of pay he receives is derived solely by calculating time and a half from his "normal" or "base" rate of pay and other factors, such as those mentioned above, are not used in calculating the overtime rate of pay.

11. For years the Courts have held that most of the above factors are not be excluded from the calculation of the regular rate of pay, and thus the Defendant City of Albuquerque's improper calculation of overtime rates should be seen as willful.  See *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 468 – 469, 92 L. Ed. 1502, 68 S. Ct. 1186 (1947); *Featsent et al. v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995).

12. Upon information and belief, Defendant City of Albuquerque employs the same procedures in factoring the overtime pay for all of its employees that work overtime and thus all employees of the Defendant City of Albuquerque, which upon information and belief is approximately 6,500 people, could be subject to the same improper overtime calculations as those outlined above.

13. An "opt in" collective action under 29 U.S.C.A. § 216(b) is appropriate in this case because all Plaintiffs are similarly situated as outlined in this Complaint.

14. Pursuant to 29 U.S.C. § 216(b), Defendant owes Plaintiffs unpaid overtime wages, liquidated damages in an amount equal to the overtime wages, attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that this Court grant them relief as follows

1. Overtime wages owed: the difference between the overtime that was received under the improperly calculated regular rate of pay and the overtime that should have been paid under a properly calculated regular rate of pay;

2. Liquidated damages in an amount equal to the unpaid amount of overtime wages owed;

3. Pre-judgment and post-judgment interest;

4. Attorney's Fees and costs associated with bringing this lawsuit; and,

5. For such further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

THE BREGMAN LAW FIRM, P.C.

By: _____
Sam Bregman
Attorneys for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

THE BRANCH LAW FIRM
Turner W. Branch
Clyde DeMersseman
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
505-243-3500
Fax 505-243-3534

Attorneys for Plaintiffs