# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**PATRICK CHAVEZ, TODD BARTLETT,
JEANNINE CHAVEZ, RUDY CAMPOS,
MICHAEL COCCHIOLA, ROBERT
GUTIERREZ, FORTINO ORTEGA,
and MICHAEL TOYA, on behalf of
themselves and all other City employees
who have been paid overtime that was
improperly determined under 29 U.S.C.A.
Section 207(a)(1),**

        **Plaintiffs,**

**vs.**                                           **No. CIV 02-0562 JH/ACT**

**CITY OF ALBUQUERQUE,**

        **Defendant.**

## SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

COME NOW Plaintiffs, by and through their attorneys, The Bregman Law Firm,

P.C. (by Sam Bregman); the Branch Law Firm (by Turner W. Branch and Richard

Sandoval), and Paul Livingston, Esq., and pursuant to the Court's April 26, 2006, Order

(Doc. 175) granting in part Plaintiffs' Motion to Amend the Complaint to add new

Plaintiffs and to clarify allegations, file the following Second Amended Complaint for

Violations of the Fair Labor Standards Act (hereinafter "FLSA"):

        1.        Plaintiffs are all present or former City employees who have been denied

overtime wages to which they are entitled under the provisions of the FLSA.

2.      Plaintiffs Patrick Chavez and Rudy Cocciola are City Fire Department firefighters; Todd Bartlett is a Solid Waste Management Department driver; Jeannine Chavez is a Police Department dispatcher; Rudy Campos is a Corrections Department transport officer; Robert Gutierrez and Michael Toya are City Transit Department bus drivers; and Fortino Ortega is a Public Works Department field technician.

3.      This collective action is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b). Specifically, Plaintiffs bring this action on behalf of all employees and former-employees of the City of Albuquerque who have worked overtime but who have not been paid the full amount of overtime they are entitled to under the provisions of the FLSA.

4.      The Plaintiffs in this case have a right of recovery under the FLSA, 29 U.S.C. Sec. 207(a)(1), for unpaid overtime wages owed to them for hours worked in excess of their normal 40-hour or other regular work week.

5.      The City's Merit System Ordinance, Section 3-1-11, provides that:

> The working time of employees in a department shall be specified from time to time by the department head, with the approval of the Chief Administrative Officer, or his designated representative. . . Overtime may be paid by the city for work performed outside of established work hours in accordance with the Fair Labor Standards Act.

6.      Rule 302.2 of the City's Personnel Rules and Regulations provides that:

> As a condition of employment, employees may be required to work overtime. . . . (W)hen overtime is required for non-exempt employees, compensation must be in accordance with the Fair Labor Standards Act (FLSA) <u>and</u> any applicable collective bargaining agreement.

(Emphasis added).

7.    The normal work week of most City employees is set out in collective bargaining agreements.  The normal work week is generally 40 hours per week, consisting of five eight-hour days or four ten-hour days.

8.    Under the provisions of the FLSA, Plaintiffs are owed overtime wages amounting to "not less than one and one-half times the regular rate" at which they are employed, 29 U.S.C. Sec 207(a)(1), for hours worked in excess of their normal work weeks.

9.    Under the FLSA the regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee."  29 U.S.C. Sec. 207(e).  The "regular rate of pay" includes not only the "base" rate of pay, but also includes other compensation for hours worked, including but not limited to shift differential pay, hazardous duty pay, longevity and super longevity pay, holiday pay, bilingual pay, educational pay, firearms qualification pay, and certain non-discretionary bonuses.

10.    The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate of pay" of some of its employees, with the result that these employees receive less overtime pay than required by the FLSA.

11.    In many cases, the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise properly not creditable or chargeable against overtime pay under the provisions of the FLSA.

12.     As a result of the improper application of "credits" or "offsets" against overtime pay, many City employees are receiving less overtime pay than they are entitled to or no overtime pay for hours worked that are properly considered to be overtime work under the provisions of the FLSA.

13.     In all or most cases where the City is calculating overtime pay for its employees it is incorrectly calculating that pay by dividing the employees' hourly pay and additional compensation by the number of hours worked in the particular week for which calculations are made, rather than dividing by the number of hours in the normal, non-overtime work week (which is usually 40 hours) to arrive at the "regular rate of pay."

14.     As a result of dividing by the hours worked in the particular work week, including overtime hours, rather than dividing by the normal, non-overtime hours in employees' work weeks, the City arrives at a lower hourly "regular rate of pay" than provided for in the FLSA and the employees receive less pay than they are entitled to receive.

15.     In all or most cases in which the City is calculating overtime pay for its employees as set out in paragraphs 15 and 16 above, the City is also incorrectly multiplying the incorrectly calculated "regular rate of pay" by 50% rather than 150% as required by the applicable provisions of the FLSA, with the result that the City is paying its employees less than the overtime wages required by the FLSA.

16.     The Defendant City of Albuquerque purports to make two calculations of overtime wages for each City employee: one under the provisions of the collective bargaining agreement (CBA) applicable to the employee; the other under the provisions and requirements of the FLSA.  The City then purports to pay the higher of the two calculations.

17.     The law requires the City to pay overtime wages at a rate that includes <u>both</u> the provisions of an applicable CBA <u>and</u> the requirements of the FLSA.  As a result of the City's method of calculations many employees in the City's collective bargaining units are receiving less than the overtime wages to which they are entitled.

18.     The City uses the same payroll system and the same software to calculate the overtime wages of all City employees who work overtime, and thus almost all the employees of the City of Albuquerque are subjected to one or more of the incorrect and improper overtime calculations described in the preceding paragraphs of this Complaint.

19.     An opt-in collective action under 29 U.S.C. Section 216(b) is appropriate in this case as all City employees who receive overtime pay are similarly situated.  A class consisting of all City employees who receive overtime pay was certified by the Court in an Order filed on December 14, 2004, and it would be beneficial and efficient to further certify the appropriate sub-classes of employees whose overtime pay is being calculated incorrectly as set out in this Complaint.

20.     The City of Albuquerque's conduct prior to and subsequent to the filing of this case, and the City's failure to correct its erroneous payment of overtime wages has been and continues to be willful and in bad faith, thus entitling Plaintiffs to their unpaid overtime wages, liquidated damages in an amount equal to the unpaid wages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief:

A.     Overtime wages owed calculated as the difference between the overtime wages that were received under the improperly calculated rates of pay and the overtime wages that should have been paid under the proper and correct calculations, offsets, and credits set out in the provisions of the FLSA;

B.     Liquidated damages in an amount equal to the unpaid overtime wages owed;

C.     Pre-judgment and post-judgment interest;

D.     Attorney's fees and costs associated with this lawsuit; and

E.     Such other and further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

THE BREGMAN LAW FIRM, P.C.

*Electronically Signed/Approved*

_____
Sam Bregman
Attorney for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

-6-

THE BRANCH LAW FIRM


_____
Turner W. Branch
Richard Sandoval
Attorneys for Plaintiffs
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
(505) 243-3500

and

*Electronically Signed*
_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043
(505) 771-4000


I hereby certify that a true copy
of the foregoing was sent by
fax and/or e-mail to all counsel
of record on or before May 11,
2006.


_____
Paul Livingston