## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**PATRICK CHAVEZ, JEANNINE CHAVEZ,**
**RUDY CAMPOS, MICHAEL COCCHIOLA,**
**and FORTINO ORTEGA**
**on behalf of themselves and all other**
**City employees who have been paid**
**overtime that was improperly determined**
**under 29 U.S.C.A. § 207(a)(1) (Section**
**7(a)(1) of the Fair Labor Standards Act),**

        **Plaintiffs,**

**v.**                                  **CIV 02-0562 JH/ACT**

**CITY OF ALBUQUERQUE**

        **Defendant.**

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, City of Albuquerque,  ("Defendant"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 submits this Reply in support of its motion for summary judgment.

### I.    Introduction

Plaintiffs' Response to The City of Albuquerque's (the "City") Motion for Summary Judgment and Plaintiffs' cross-motion for summary judgment establish that there are no disputed issues of material fact and hence, the Court may decide the issues presented as a matter of law.[1] Through tortured, untenable interpretations of the Fair Labor Standards Act ("FLSA" or the "Act") and misrepresentations of the City's arguments, Plaintiffs attempt to show that the City

---

[1] The City's cites to the parties' respective filings as follows:  Plaintiffs' Second Amended Complaint as "Pls' 2nd Amend. Cmplt., ¶_; Plaintiffs' Response to the City's Motion for Summary Judgment as "Pls' Response, p. _;" Plaintiffs' Statement of Additional Material Facts as "Pls' Stmt of Additional Facts ¶_;" the City's Motion for Summary Judgment, Undisputed Material Facts as "Def.'s Undisputed Stmt. of Facts, ¶_;" and  the City's Motion for Summary Judgment as "Def.'s Mot. For Sum. Judg., p._."

violated the Act. Contrary to Plaintiffs' attempts at misdirection, the City does not argue and has never asserted that Plaintiffs waived their rights under the FLSA by virtue of the unions' collective bargaining agreements or any other agreements. Rather, the City's position could not be more straightforward, the City is obligated to compensate its employees as required by the FLSA and undeniably, does just that. Additional payments above and beyond those required by the FLSA are certainly permitted and in contemplating of such payments, the FLSA allows the City to offset (*i.e.*, credit) these premium payments against its FLSA obligations. Further, it is undisputed that Plaintiffs are paid at hourly rates for all hours worked and not annual salaries. Therefore, Plaintiffs' attempt to confound the legal issues through citation to fluctuating workweek cases and salary basis regulations is nothing more than a red herring. Additionally, Plaintiffs rely upon their purported FLSA expert in direct contradiction to this Court's prior Order, which held that Judith Wagner lacked the requisite qualifications for rendering legal opinions concerning the City's compliance with the FLSA. *See* 9/26/06 Order, p. 2. Setting aside ostensible attempts to confound the legal issues at hand, the uncontroverted evidence clearly shows that the City (1) properly utilizes a FLSA approved formula in calculating regular rates of pay; (2) properly includes all required remunerations in calculating regular rates of pay under the FLSA; and (3) properly credits contractual premium payments against statutory overtime payments as provided for under the FLSA.[2]

For these reasons, as explained below, and those set forth in the City's opening brief, the City is entitled to judgment as a matter of law.

---

[2] The City reiterates that its Motion for Summary Judgment only concerns nonexempt employees and shall leave for a later date a motion for summary judgment as to the exempt employees who have opted into this case.

## II.   Overview Of The Undisputed Facts And Plaintiffs' Improper Reliance Upon Judith Wagner's Report

### A.   The Parties Agree That There Are No Material Facts At Issue And the Court May Decide This Suit As A Matter Of Law.

Plaintiffs specifically admit that there are no issues of material fact.  Plaintiffs concede that the City calculates overtime pay as set forth in its Motion for Summary Judgment and the City's examples set forth therein.  *See* Plfs' Response, pp. 3-4 (conceding that Plaintiffs only dispute Def.'s Undisputed Stmt. of Facts ¶¶ 27, 28, 30, and 31).  *See also* Local Rule 56(b) ("all material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted" and "with particularity").  By way of summary, Plaintiffs admit, and hence there are no disputed issues of material fact as to the following:

- The City makes overtime payments in accordance with negotiated collective bargaining agreements with its employees' unions (or in the case of non-union represented employees, the City's written pay policies) or statutory requirements, whichever yields the greater amount for the employee in each workweek.  *See* Def.'s Undisputed Stmt of Facts, ¶¶10 – 12, 22.

- The City makes payments under these union negotiated agreements that are in addition to the payments required by the FLSA.  S*ee* Def.'s Undisputed Stmt of Facts, ¶¶ 13, 21.  *See also* ¶ 24 (explaining calculations as to fire and police personnel).

- In determining overtime pay under the FLSA, if an employee's actual hours of work exceed forty or if a fire protection and law enforcement employee's ratio of the number of hours worked to the number of days in the work period exceeds the applicable standard under Section 7(k), the City calculates the employee's statutory overtime pay entitlement.  *See* Def.'s Undisputed Stmt of Facts, ¶24.

- The City's FLSA calculations are based upon a manual entitled "State and Local Government Employees Under the Fair Labor Standards Act" issued by the Employment Standards Administration, Wage and Hour Division of the Department of Labor as a guideline as FLSA overtime pay calculations. Additionally, the City relied upon the specific examples set forth in Department of Labor Regulations.  *See* Def.'s Undisputed Stmt of Facts, ¶25.

- Examples of the City's overtime calculations for contractual overtime and FLSA overtime are set forth Def.'s Undisputed Stmt of Facts, ¶¶29-30.

- Once overtime is calculated under both the FLSA and the applicable negotiated union agreements, the City compares the employee's compensation under the applicable contract or City policy with that due under the Act and pays the employee the greater amount between the two. If the FLSA requires an additional amount beyond what has already been paid that amount is reflected in the form of an adjustment designated as "FLSA" pay on the employee's paycheck. *See* Def.'s Undisputed Stmt of Facts, ¶31.[3]

- The City's expert, Lloyd Hill -- a 43 year Department of Labor veteran and the former DOL Assistant District Director -- determined that the City's method of pay was proper under the FLSA. Def.'s Undisputed Stmt of Facts, ¶3.

**B.    Plaintiffs' Statement of Additional Material Facts Must Be Disregarded.**

Plaintiffs' Statement of Additional Facts almost exclusively and improperly relies upon Judith Wagner's expert report and her deposition testimony. In ruling on motions for summary judgment, a court necessarily may consider only the evidence that would be available at trial. *See Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1216 (10th Cir. 2004) (affirming summary judgment, in light of the available evidence, because "verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence"). Here, this Court's prior Order specifically found that Plaintiffs' purported expert Judith Wagner ("Wagner") lacked the requisite qualifications for rendering legal opinions concerning the City's compliance with the FLSA and thus, would not be permitted to proceed as an FLSA expert at trial. *See* 9/26/06 Order, p. 2. Despite this clear ruling, Plaintiffs' Statement of Additional Material Facts cites to Wagner "to assist in determining whether or not [the City's calculations of overtime pay] is consistent with the FLSA." *See* Pls' Stmt of Additional Facts ¶1. In their Additional Facts ¶¶ 4, 5, 6, 7, 9, 10, 11, and 12, Plaintiffs continue to cite to Wagner's Deposition and her purported Expert Report for "legal opinions." Accordingly, Plaintiffs'

---

[3] The only "dispute" that Plaintiffs have with Def.'s Undisputed Stmt of Facts, ¶ 30 is whether the calculations set forth therein is "correct" and ¶ 31 is the statement that "if the employee has already been paid an amount greater than that required under the Act, no further payment is required." *See* Pl.'s Response, p. 4.

Additional Facts ¶¶ 4, 5, 6, 7, 9, 10, 11, and 12 are improper and should not be considered in determining the present motion.

To the extent that Plaintiffs' Additional Facts are not disregarded or otherwise stricken, the City disputes ¶¶ 1, 4, 5, 6, 7, 9, 10, 11, and 12 as wholly inaccurate statements of the law and contrary to Plaintiffs' own concessions regarding the City's calculation of overtime pay. For instance, although Plaintiffs are paid hourly for all hours worked, including those hours over forty, Wagner erroneously concludes that the law requires that Plaintiffs be paid their regular rate again plus half their regular rate (*i.e.*, 2.5 times their regular rate). Wagner's calculations fly in the face of the FLSA's requirements. *See also*, Section II. A, *supra*.

## III.  The City Properly Calculates "Regular Rates" And Overtime Premiums Pursuant To The FLSA.

### A.    The Only Legal Issue Is Whether The City Violated The FLSA And Not Legal Issues Concerning Applicable Collective Bargaining Agreements.

Plaintiffs utterly misstate the legal relationship between collective bargaining agreements and the FLSA. The case at hand is not one grounded in contract or brought pursuant to a breach of collective bargaining agreement. Rather, the instant case is solely premised upon alleged violations of the FLSA. *See generally,*, 2nd Amend. Cmpt. (entitled "Complaint For Violations Of The Fair Labor Standards Act"). Nonetheless, Plaintiffs assert that "the FLSA and the City's rules and agreements with its unions require it to pay overtime that includes <u>both</u> the requirements of the FLSA and the terms of the contracts." *See* Plaintiffs' Response, p. 7. Plaintiffs' contention implicitly requests that this Court determine whether the City is in violation of the applicable collective bargaining agreement, a matter not before this Court, and incorrectly assumes that a collective bargaining agreement may alter the City's obligations under the FLSA, a conclusion that Plaintiffs themselves deny.

To the extent that Plaintiffs allege that the City has not properly compensated Plaintiffs pursuant to a collective bargaining agreement or some other agreement, such claims are not properly before this Court and must be summarily dismissed. *See Fernandez v. Centerplate/NBSE*, 441 F.3d 1006, 1010 (D.C. Cir. 2006) (granting summary judgment for defendant employer where plaintiff asserted a FLSA violation on grounds that defendant did not pay her overtime compensation for hours worked over eight in a day in violation of an agreement with her union; the Court reiterated that the FLSA does not contain a provision authorizing enforcement of a collective bargaining agreement and hence, absent a FLSA violation, summary judgment for the defendant was required); *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 333 (N.D.Ill. 2000) ("To the extent the officers contend the collective bargaining agreement entitles them to more than the FLSA, this is not the appropriate forum for decision"). Indeed, the City Labor Board has exclusive jurisdiction to hear allegations that the City has violated the terms of a collective bargaining agreement with one of its employees' unions. *See generally*, Albuquerque Labor-Management Relations Ordinance.

Moreover, Plaintiffs improperly conclude that applicable collective bargaining agreements or other agreements alter the City's obligations under the FLSA. *See Dufrene v. Browning-Ferris, Inc.*, 207 F.3d 264, 269 (5th Cir. 2000) (affirming summary judgment for defendant employer where plaintiffs claimed that since the collective bargaining agreement required overtime after eight hours in a day, the FLSA also required overtime pay after an eight-hour day; in so holding, the court stated that "this dispute concerns, at best, a violation of the collective bargaining agreement, not the FLSA"). *Accord Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25, 65 S. Ct. 1242 (1945) ("Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate

6

becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the wage contracts").[4]   As the City's expert explained, regardless of a collective bargaining agreement's requirements, an employer must still pay in accordance with the FLSA.  (Hill Dep. at 36, 55). For that reason, the City calculates FLSA overtime separate and apart from contractual overtime.  *See* Def.'s Undisputed Stmt of Facts, ¶¶10 – 12, 24-25, 29-30.

Similarly, Plaintiffs' purported violation of public policy is merely a restatement of its argument that collective bargaining agreements may alter the FLSA requirements and even apart from this restatement, it is not properly before this Court and must be dismissed as a matter of law.  Where, as here, the FLSA provides an adequate remedy at law (*i.e.*, payment of wages lost, liquidated damages, attorney fees, and costs), any state public policy claim is precluded as a matter of law.  *See Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (affirming dismissal of public policy claim in FLSA retaliation case).

Simply put, the only issue is whether the City compensates its employees at least as much as is required by the FLSA.  The answer to that question is a resounding yes.

**B.    The City's FLSA "Regular Rate" Calculations Include All Nondiscretionary Bonuses**

Plaintiffs' version of  FLSA "regular rate" calculations runs counter to the Act and its regulations.  Section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times an employee's "regular rate."  "Regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee, with certain exceptions.  29 USCS § 207(e). Sick days and other fringe benefits are not "other compensation" and are properly excluded from calculating the regular rate.  See 29 C.F.R. § 778.200  (for calculating regular rate for overtime

---

[4] Plaintiffs' arguments regarding determination of "artificial" regular rates is addressed herein, pp. 10-11, *infra*.

pay, payments for vacation, holiday, illness, retirement, health insurance, or similar benefits are not compensation).

In attempting to show that the City does not include all the required elements in calculating the FLSA regular rate, Plaintiffs only offer self-serving, unsupported statements (including improper references to Wagner).  For instance, Plaintiffs' Response Exhibits 5 through 8 appear to be employee payroll records.  Plaintiffs references to them can neither create issues of material fact nor support Plaintiffs' claim that they are entitled to judgment as a matter of law.  The documents are not only unauthenticated but they are also incomplete so far as they fail to show the employee's identity, the position in question, and any of the explanatory or supporting data.  *See Harris v. Beneficial Okla., Inc.*, 209 B.R. 990, 993, 995-97 (10th Cir. 1997) ("The Bankruptcy Court had no way to test the genuineness of the documents as they were in no way identified by a witness for [the offering party]").  As such, they must be disregarded.

Even if not disregarded, however, Plaintiffs concede that there is no dispute as to which remunerations are included by the City.  A simple comparison of the FLSA's requirements and the undisputed elements of the City's FLSA calculations illustrate that the City includes shift differentials and all other required remunerations pursuant to the FLSA in its calculation of the regular rate to be used for purposes of paying time-and-a-half.  *See* Def.'s Undisputed Stmt of Facts, ¶¶ 28-31.

On the other hand, the City properly excludes gifts; payments made for occasional periods when no work is performed; discretionary bonuses, extra compensation provided as an overtime premium; extra compensation provided by a premium rate paid for work on Saturdays, Sundays, holidays, or regular days of rest; extra compensation provided by a premium rate paid pursuant to an employment contract or collective-bargaining agreement, nondiscretionary

8

bonuses and holiday pay in the regular rate under the FLSA. *See* 29 USCS § 207(e) (setting forth statutory exclusions from the FLSA regular rate). *See also* 29 C.F.R. § 778.200(a). As expressed in 29 C.F.R. § 778.219(a), when an employee who is entitled to a paid holiday or vacation foregoes his holiday or vacation, performs work for the employer, and is paid at his customary rate (or higher) for hours worked on a holiday or vacation day in addition to the holiday or vacation pay, the additional specified sum received as holiday or vacation pay may be excluded from the regular rate. Accordingly, the City need not include such payments in calculating an employee's FLSA regular rate. *See also* DOL Opinion Ltr., 2006 DOLWH LEXIS 34 (July 24, 2006) (described holiday payments made to firefighters when they forego holidays are not considered compensation for hours of work, and therefore, need not be included in the regular rate of pay for purposes of computing overtime compensation pursuant to FLSA section 7(e)(2)).

Likewise, the City properly excludes discretionary bonuses, such as the one time "mayoral bonus" paid to employees in October or November 2003. *See* Def.'s Revised Supplemental Response to Pls' First Set of Interrogatories, attached hereto as Exhibit A. *See also* Pls' Response, p.22. It is undisputed that such a bonus had not been paid before nor after the one in question. As the statute specifically provides, discretionary bonuses are properly excluded from an employee's regular rate of pay. 29 USCS § 207(e). A bonus is discretionary within the meaning of the Act if the employer retains discretion both as to the fact of the payment and the amount of payment. *See* 29 C.F.R. 778.211(c). The mayoral bonus was purely discretionary as it was a one time payment, made at the behest of the mayor, at his discretion. *See* Def.'s Revised Supplemental Response to Pls' First Set of Interrogatories, Exhibit 21.

C.      **The City's FLSA "Regular Rate" Properly Divides All Remunerations By An Employee's Total Hours Worked.**

In completing its calculation of the FLSA "regular rate," it is undisputed that the City divides an employee's total remuneration by the total number of hours he or she actually worked during the workweek at issue. *See* Pls' Response, p. 6.   Plaintiffs assert that the proper calculation is dividing total remuneration by 40 hours only. *Id.*  Plaintiffs' assertion is legally unsupportable.

Without any authoritative support (except unsupported assertions by Wagner), Plaintiffs contend that dividing by all hours worked artificially decreases an employee's overtime premium in violation of the FLSA. *See* Pl.'s Response, p.14.   Plaintiffs' contention was rejected by the U.S. Supreme Court over sixty years ago.   In *Overnight Motor Transp. Co. v. Missel*, the Supreme Court held that the method for calculating overtime pay for weekly-wage employee did not violate FLSA simply because regular rate decreased as number of hours worked in a week increased, so long as employee received, as overtime compensation, 150% of his regular rate. 316 U.S. 572, 580, 62 S. Ct. 1216 (1942).

Additionally, the FLSA regulations specifically provide that once all applicable remuneration for the workweek is totaled, the regular rate is calculated by dividing the total remuneration for employment by "*the total number of hours actually worked by him in that workweek for which such compensation was paid.*"  29 CFR 778.109 (emphasis added).  By way of illustration, an employer should calculate the regular rate of an employee paid hourly plus a weekly nondiscretionary bonus as follows:

    Hourly rate of pay = $ 6.20 an hour
    Production bonus = $ 9.20
    Total hours worked in workweek = 46 hours
    (46 hours) x ($ 6) = $ 276 + $ 9.20 = $ 285.20
    $ 285.20 ÷ 46 hours = $ 6.20

29 CFR 778.110.  *See also Zumerling v. Devine,* 769 F.2d 745, 752 (Fed.Cir. 1985) (firefighters' regular rates of pay were properly calculated where employer divided total remuneration (except statutory exclusions) in work period by the total number of hours actually worked);   DOL Opinion Ltr., 1988 DOLWH LEXIS 25 (Sept. 6, 1988) (rejecting the union's argument that the 40 hours is the divisor for computing regular rates of pay and accepting employer's computation, which included all hours worked in the week (48) rather than just the first 40 hours).

Plaintiffs' argument runs further astray in its reliance upon fluctuating workweek cases. Unlike the case at hand, the case law and regulations cited by Plaintiffs involved determinations of an employee's regular rate where the employee was paid a salary instead of hourly.  Where the employee is salaried and has a fixed workweek, generally the regular hourly rate of pay is calculated as set forth in 29 C.F.R. § 778.113, which provides that an employee's salary is to be divided by the number of hours which the salary is intended to compensate.  *Compare* 29 CFR 778.109 (total remuneration divided by total hours worked) & 29 CFR 778.110 (hourly employees).  Here, it is undisputed that Plaintiffs are paid on an hourly basis for all hours they work.  That is, they receive their hourly pay for each hour worked.  Accordingly, in calculating the FLSA regular rate of pay, the proper divisor is all hours worked.

**D.     The City Properly Pays Employees Their Regular Rate Plus One-Half Of Their Regular Rate For All Hours Worked Over Forty.**

Once an employee's regular rate is determined for an hourly employee, his or her overtime premium for all hours worked over forty may be determined.  The City's formula for calculating overtime premiums is not disputed and is set forth at length in Defendant's opening brief, pp 15-18.  Plaintiffs contend that the calculation is incorrect because the City multiplies the employees' regular rate times .5 instead of 1.5.  Plaintiffs' contention is simply wrong.

11

The City's employees in question have received their hourly pay and nondiscretionary bonuses (*e.g.*, longevity pay) for all hours worked, including those hour worked over forty in a workweek (or work period). Hence, only an additional one-half is due and owing because "the employee has already been compensated at 100 percent for all his hours in his tour of duty" and hence, by receiving an additional one-half pay, the employee receives in total one and one-half times the regular rate at which he is employed." *See Devine,* 769 F.2d 745 at 752 (explaining overtime compensation is one-half the employee's regular rate rather than one and one-half the rate). *See also* 29 CFR 778.110 (further illustrating that the employee in question is entitled to be paid a total wage of $ 303.80 for 46 hours (46 hours at $ 6.20 plus 6 hours at $ 3.10)). *Accord Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 464, 68 S. Ct. 1186 (1948) ("If [an] overtime premium is included in the weekly pay check that must be deducted before the division. . . . To permit [the] overtime premium to enter into the computation of the regular rate would be to allow overtime premium on overtime premium -- -- a pyramiding that Congress could not have intended").

## IV.    The FLSA Entitles The City To Credits/Offsets

Plaintiffs erroneously contend that City's dual calculation system and taking of credits for payments made under applicable collective bargaining agreements violate the FLSA. As explained in the City's opening brief, the FLSA provides that if an employer pays an employee compensation in the form of "premium rate" pay as described in 29 U.S.C. § 207(e)(5), (6), and (7) such sums "shall be creditable toward overtime compensation payable pursuant to this section." 29 U.S.C. § 207(h)(2). Premium rate pay is compensation at a rate in excess of the regular hourly rate paid for work performed outside of or in excess of regular working hours or in excess of eight hours per day or the applicable maximum work week or on weekends or

12

holidays. *See* 29 U.S.C. § 207(e)(5), (6), and (7).  The City acknowledges that payments for time not worked cannot be creditable towards FLSA overtime compensation.  *See* 29 C.F.R. § 778.320.  Plaintiffs, however, misrepresent the City's position.  Contrary to Plaintiffs' assertions, the City does not credit collective bargaining agreement compensation for non-work time as a credit so as to avoid paying compensation required by the FLSA.  Rather, the City's credits fall squarely within the sums set forth in subsections (5) – (7).

In setting up their straw man, Plaintiffs rely almost entirely upon *Wheeler v. Hampton Twp.*, 399 F.3d 238 (3d Cir. 2005) (holding that the defendant did not qualify for the credits permitted pursuant to 29 U.S.C. §§ 207(e), 207(h)).  The *Wheeler* case, however, is wholly inopposite and not controlling precedent.  In *Wheeler*, *unlike here*, the defendant calculated plaintiffs' overtime premiums pursuant to the collective bargaining agreement <u>only</u> because the defendant erroneously believed that the parties had waived their respective rights under the FLSA by entering into a collective bargaining agreement.  *Id.* at 243.  Here, in stark contrast, the City does not contend that any party waived their respective rights under the FLSA; rather, the City properly calculates overtime premiums pursuant to both the collective bargaining agreement and the FLSA and then pays the higher of the two as provided under Section 7(e) and (h) of the Act.  *See* Def.'s Stmt. of Undisputed Facts, ¶¶ 10-12.  As such, the City's employees receive an amount equal to or greater than what is required by the FLSA.  Significantly, in *Wheeler*, *<u>unlike here</u>*, the collective bargaining agreement provided for less remuneration than required by the FLSA.  *Id.*  Additionally, in *Wheeler*, the defendant erroneously concluded that it was permitted to offset its exclusion of incentive/expense pay from an employee's base hourly rate with the amounts it paid the employee for holiday pay and the like.  *Id.*

13

Moreover, *unlike Wheeler*, the City does not take credits for holiday pay if the holiday is not worked. *See* Def.'s Stmt. of Undisputed Facts, ¶¶ 29-30. Subsection (6) describes "extra compensation provided by a premium paid for work by the employee on . . . holidays where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days." *See also* 29 C.F.R. § 778.203. By way of illustration, an employee works 48 hours in a holiday week but is paid for 56 hours, 16 hours of which consisted of overtime compensation at the rate of at least one and one-half the hourly rate. The City takes a credit for the 16 hours of overtime compensation paid to the employee but does not take any credit for the unworked holiday pay received by the employee. *Id.* Because the premium payments to Plaintiffs for work on holidays is at least one and one-half their normal hourly rate, these amounts are creditable against the City's FLSA liability. *See* Def.'s Stmt. of Undisputed Facts, ¶ 31. Plaintiffs cannot and have not pointed to any type of subsection (6) overtime where they received less than time and a half their regular rate of pay. Therefore, it is undisputed that the City is entitled to a credit for all such payments. In short, *Wheeler* does not apply to the undisputed facts at hand.

The other cases relied upon by Plaintiffs fair no better. In *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792, 793 (10th Cir. 1976), for instance, defendants did not pay any overtime to plaintiffs but rather argued that paid leave benefits and other fringe benefits offset any liability under the FLSA. The Tenth Circuit emphasized that the employees involved and the defendant employer had an express understanding before any employer-employee relationship was ever entered into that there would be no overtime pay for hours worked in excess of forty hours per week, and that in lieu thereof they would receive the fringe benefits. *Id.* at 794. As would be expected, the Tenth Circuit viewed such a private agreement as circumventing the overtime pay requirements

14

of the FLSA. *Id.* at 794-94. Here, unlike there, there is no "mutual understanding" that Plaintiffs would receive fringe benefits in lieu of overtime pay. While the Plaintiffs assert that the City calculates the FLSA overtime premiums incorrectly, Plaintiffs admit that the City pays FLSA overtime premiums. Furthermore, Plaintiffs do not dispute the types of offsets taken by the City. *See, e.g.,* Pl.'s Response, p. 2. Such undisputed facts clearly show that City has never sought a credit for paid leave or other fringe benefits. As such, *Dunlop* is irrelevant to the case at hand.[5]

Not only is Plaintiffs' reliance upon *Wheeler* and *Dunlop* misplaced as the issue at hand neither involves FLSA waivers nor offsets of paid fringe benefits but also, Plaintiffs blatantly ignore Expert Hill's determination that the City properly credited payments as well as DOL regulations and on-point case law permitting the very credits taken by the City. For instance, in *Bell v. Iowa Turkey Growers Cooperative,* a class of former and current hourly production workers moved for partial motion for summary judgment alleging, *inter alia*, that defendant violated the FLSA by not including "shift differentials" in calculating their regular rates of pay. 407 F.Supp. 2d 1051, 1054-56 (S.D. Iowa 2006). Although defendant did not dispute that the FLSA required that shift differentials be included in calculating regular rates, defendant argued that pursuant to 29 U.S.C. §207(e)(6), it was entitled to a credit for the overtime payments it had previously paid its employees for working a sixth day in a workweek. *Id.* at 1057. Plaintiffs countered that no credit was available because defendant improperly excluded shift differentials in calculating the regular rate. *Id.* The court rejected plaintiffs' argument and held that defendant may properly take such credits. *Id. See also Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 523 (E.D. Tex. 2005) (granting summary judgment to defendant

[5] The third case to which Plaintiffs cite, *Kohlheim v. Glynn County, Georgia*, 915 F2d 1473 (11th Cir. 1990), supports the City's use of credits. In *Kohlheim*, the court held that "under the Act the county is entitled to set off all previously paid overtime premiums, not just those of at least 1 1/2 times the regular rate, against any overtime compensation found to be due and owing during the damages phase of the trial."

CH1 11207780.1

where, assuming arguendo that Plaintiffs' claims are compensable under the FLSA and not de minimis, defendant was entitled to a credit or offset for premium wages it paid plaintiffs for hours worked in excess of eight per shift).

In *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 330 (N.D.Ill. 2000), as here, the plaintiff police officers brought an action against defendant municipality alleging FLSA violations by defendant for its failure to properly calculate overtime pay, its failure to include holiday hours in overtime calculation, its failure to include voluntary special employment program hours in overtime calculation, and its failure to include duty availability allowance in overtime calculation.  There, as here, the plaintiffs were subject to a collective bargaining agreement.  *Id.* at 326-27.  The defendant argued that while the inclusion of the duty availability allowance in the regular rate of pay would have added between 87 [cents] and 97 [cents] per hour to the overtime rate for FLSA overtime hours, it is entitled to an FLSA credit that is more than sufficient to offset any shortfall.  *Id.* at 329-330.  The defendant sought credits for extra compensation under Section 207(e) subsections (5) and (6) for overtime payments made where plaintiffs worked more than eight hours in a day, or worked on holidays, or worked on scheduled days off, or on a sixth or seventh day or outside the employee's normal tour of duty.  First, the *Nolan* Court determined that defendant may properly take credits pursuant to 29 U.S.C. § 207(e)(5) because plaintiffs received under their collective bargaining agreement time-and-one-half for all hours worked in excess of the normal work day (eight hours) and the normal work week (forty hours).  *Id.* at 331.  The Court specifically held that the defendant City was entitled to a credit even if this payment was less than the FLSA overtime rate by reason of the duty availability allowance having been excluded in the computation.  *Id.*  Second, the *Nolan* Court held that defendant City properly credited holiday payments made pursuant to the collective

16

bargaining agreement because the premium payments to plaintiffs for work on holidays is at either two and a half or three times their normal hourly rate. *Id. See also* DOL Opinion Ltr., 1985 DOLWH LEXIS 2 (Dec. 23, 1985) (finding that an employer may properly credit against overtime pay due the bus driver pursuant to section 7(h) of FLSA the extra premium payment for work performed on the bus driver's day off where bus driver received $ 56.00 premium payments but was only due $ 37.33 FLSA overtime premium pay under FLSA, no additional pay was due the bus driver under FLSA). *Accord Laboy v. Alex Displays, Inc.*, 2003 U.S. Dist. LEXIS 8638, *10-11 (N.D.Ill. May 30, 2003) (holding that defendant was entitled to take credits for bonuses paid  because "so long as the overtime compensation is contingent upon the employee having worked in excess of eight hours in a day or in excess of the specified number of hours in the workweek, whether the extra compensation is at a rate greater than, less than, or at one and one-half times the base rate, the extra premium compensation may be credited toward statutory overtime payments") (internal citations omitted).

Accordingly, the City properly takes credits under the FLSA as a matter of law.

## V.    The City's Calculations Were Made In Good Faith

Plaintiffs fail to address the City's willfulness argument except to assert that it is improperly before the Court.  The Plaintiffs do not dispute that Defendants made good-faith efforts to comply with the FLSA, and reasonably believe that they were in compliance with the FLSA.  Thus, even assuming, *arguendo*, that Plaintiffs could establish that Defendants were in violation of the FLSA, they would not be entitled to liquidated damages or to the three year statute of limitations. *See Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (affirming denial of liquidated damages because, *inter alia*, employer "acted in good faith under a reasonable, albeit mistaken, belief that its particular on-call scheme was non-

compensable"); *Walton v. United Consumers Club*, 786 F.2d 303, 312 (7th Cir. 1986) (denying liquidated damages where employer showed good faith effort to comply with FLSA).

**VI.    Conclusion**

In sum, Plaintiffs do not dispute that they were paid for all hours they worked and they were paid time and one half of their regular rates of pay as calculated by the City for all hours worked.  Additionally, as set forth herein and in the City opening brief, the FLSA clearly permits the City's calculation of regular rate and its crediting of amounts paid under the collective bargaining agreements.  Accordingly, there is but one conclusion:  The City is entitled to Summary Judgment as a matter of law.


DATED: April 27, 2007                        Respectfully submitted,

                                             CITY OF ALBUQUERQUE


                                             By____/s/ *Electronically Filed*_____
                                                  Michael I. Garcia

I hereby certify that a true copy of the
foregoing pleading was e-mailed to:

Sam Bregman, Attorney for Plaintiffs
(sam@bremanlawfirm.com)

Paul Livingston, Attorney for Plaintiffs
(living@rt66.com)

Jerry Walz, Attorney for Defendant
(jerryawalz@aol.com)

Edward Bergmann, Attorney for Defendant
(ebergman@seyfarth.com)

this 27 day of April, 2007.

_/s/ *Electronically Filed*_
Michael I. Garcia