IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| PATRICK CHAVEZ, JEANNINE CHAVEZ, RUDY CAMPOS, MICHAEL COCCHIOLA, and FORTINO ORTEGA on behalf of themselves and all other City employees who have been paid overtime that was improperly determined under 29 U.S.C.A. § 207(a)(1) (Section 7(a)(1) of the Fair Labor Standards Act), )))))))))  Plaintiffs, )) v. )) CITY OF ALBUQUERQUE, ))  Defendant. ) | CIV 02-0562 JH/ACT |

**DEFENDANT CITY'S**

**POST TRIAL MEMORANDUM OF LAW**

NOW COMES Defendant City of Albuquerque, by its attorneys, and presents the following post trial memorandum of law.

**INTRODUCTION**

Following the Court's granting in part and denying in part the parties' respective motions for summary judgment and the City filing its motion for reconsideration or clarification, the Court conducted a trial on September 10, 2007. The City's motion referred to above and its motions presented at the trial were taken under advisement by the Court. This memorandum is filed pursuant to the Court's instructions.

CH1 11313390.1

**ARGUMENT**

I. **PLAINTIFFS FAILED TO SATISFY THEIR BURDEN TO PROVE A VIOLATION OF THE FAIR LABOR STANDARDS ACT**

The burden of proof is on the plaintiffs to prove that they were not in fact paid in accordance with the requirements of the Fair Labor Standards Act in statutory overtime work weeks. (*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680,687 (1946) Arguments of counsel or speculation by witnesses do not meet this burden. (Id at 687-8)

The documents (pay stubs) presented by plaintiffs did not indicate the hours worked on a week-by-week basis. (Plaintiffs Exs 8-11). Instead they were biweekly records. Plaintiffs testified they did not remember how many hours they worked per week or when vacation days were taken (Trial Transcript at 28, 24, 57). They admitted they didn't understand their pay stubs but never asked any questions of anyone to seek clarification. (Trial Transcript at 31).

At most plaintiffs have shown they do not understand how they are paid. However that lack of understanding does not support a finding of a violation of the Fair Labor Standards Act. The Act for non-public safety personnel operates on a week-by-week basis (29 CFR § 778.103). Thus testimony on a pay period basis is of no help to the Court. It is too fragile a foundation to support a finding of a statutory violation.

This approach to arguing that a violation of a federal law has occurred is like the one condemned by the Sixth Circuit in *Burks v. O'Connor*, *Kenny Partners*, 33 Fed. App. 781, 784 (6th Cir. 2002) "if we had some ham, we could have a ham sandwich – if we had some bread."

The plaintiffs' testimony and exhibits simply do not show a violation of the Act. The one exhibit reflecting a police officer's pay indicated that he had been paid far more than was required under §7(k) of the FLSA. (Plaintiffs Ex. 12). This example is governed by the court's opinion in *Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992).

## II. DEFENDANT CITY INCLUDES NON-DISCRETIONARY BONUSES IN STATUTORY OVERTIME

The uncontroverted testimony of the City's Payroll Supervisor was that non-discretionary bonuses are included in the FLSA overtime calculation (Trial Transcript at 83). The exhibit introduced at trial and the exhibit attached to the motion for reconsideration clearly reflects this fact. (Defendant Ex. B) Plaintiffs have never seriously challenged this fact but have instead tried to obscure it through a smoke screen approach. The City's FLSA calculation controls the employee's final compensation unless the employee has been paid more due to premium payments under the union contracts.

The City's approach is precisely the same as has been set forth in a Wage & Hour Opinion Letter (1985 WL 304329, Wage & Hour Opinion Letter WH-526 (Dec. 23, 1985). The comparisons discussed in the opinion letter are the same as made by the City.

The City's basis for not performing an alternate calculation under the FLSA has been judicially recognized. (*Franklin v. City of Kettering,* 246 F 3d 531, 536 (6th Cir. 2001). Furthermore, as the City's witness testified checks are made to insure that police officers are always paid in excess of the FLSA's requirements (Trial Transcript at 97, 98). This testimony was never challenged.

## III. DEFENDANT CITY PROPERLY TAKES CREDIT FOR PREMIUM OVERTIME

The City's testimony and the police overtime calculation reflects that the City properly takes credit for contractual premium overtime payments. Laurice Chappell explained the numerous examples of overtime payments made under union contracts that are not required under the FLSA (Trial Transcript at 43). The contracts themselves in their overtime sections reflect the same practices (Plaintiffs Exs.1-7-overtime sections). Courts have repeatedly sustained employer's use of premium pay as a credit toward FLSA overtime under the same

3

circumstances as present here (*Kohleim v. Glynn County Georgia*, 915 F.2d 1473 (11th Cir. 1990); *Bell v. Iowa Turkey Growers Cooperative*, 407 F. Supp. 2d 1051 (S.D. Iowa 2006); *Laboy v. Alex Displays*, 8 WH Cases 2d 1436 (N.D. Ill. 2003); *Nolan v. Chicago*, 125 F. Supp. 2d 324 (N.D. Ill. 2000) *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 522 (E.D. Tex. 2005))

Thus the City's approach is in accordance with the FLSA's requirements.

## IV.    THE PLAINTIFFS' ARGUMENTS SHOULD BE REJECTED

### A.    The Hour's Worked Fiction

Writing "bear" on the side of a cow, does not make the cow a "bear". This act is pure fiction. The cow in reality remains a cow irrespective of its label. The same is true relative to an unworked holiday or vacation day. The parties agreement under the contract to consider the unworked holiday as hours worked for contractual overtime is a legal fiction and does not change the status of the unworked day into a worked day under the FLSA (29, USC §207(h) 29 CFR §§ 778. 216, 219). The day remains unworked, and its pay does not affect the regular rate in any manner (*Ibid*). As the Court indicated in *Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992) an employer can choose to pay overtime in excess of that required by the FLSA under a union contract or policy but such action does not affect the Employer's obligations under the FLSA: Accord: *Barefield v. Winnetka*, 81 F.3d 704 (7th Cir. 1996) (Village's manual cannot override FLSA).

Moreover, under all the contracts it is clear that holiday, vacation pay and sick pay are intended as pay that is <u>not</u> for holidays worked. See:

    Plaintiffs Ex. 1A    N.M. Transportation Union Contract
                                p. 9      Normal holiday pay for unworked holiday
                                                     (time + one half for worked holiday)
                                p. 10    Vacation time as time off

4

| | |
|---|---|
| Plaintiffs Ex. 2A | Local 624 AFSCME Contract <br> pp. 11, 12   Leave With Pay Contract |
| Plaintiffs Ex. 3A | Local 3022 AFSCME Council 18 <br> pp. 20, 21   Paid Holidays <br> p. 30   Vacation Leave <br> p. 31   Sick Leave |
| Plaintiffs Ex. 4A | IAFF Local 244 Contract <br> pp. 4, 5   Vacations <br> p. 5   Sick Leave <br> p. 9   Holidays |
| Plaintiffs Ex. 5A | Albuquerque Officers Association Local 1888 Contract <br> p. 38   Leave With Pay |
| Plaintiffs Ex. 6A | AFSCME Local 2962 <br> p. 7 §16   Leave With Pay |
| Plaintiffs Ex. 7A | APOA Contract <br> pp. 4, 5   Vacation <br> pp. 5, 6   Holiday Pay <br> p. 7   Sick Leave |

The above payments are intended to provide employees with compensation for days they are not at work. Thus these payments are not made for hours of work under the very contract provisions that authorize the payments. Accordingly, these payments are not includible in the regular rate under §7(h). The fact that such hours are considered hours worked for contractual overtime purposes as mentioned above does not convert them into hours worked under § 7(h) of the Act. See *Harris v. City of Boston*, 253 F.Supp. 2d 136 (D. Mass. 2003) (Paid meal periods not includible in regular rate because not hours worked). Thus Plaintiffs' argument is without merit and should be rejected.

    **B.**    **The Union Contracts Override the FLSA**

Plaintiffs continuously argue that the court should construe the FLSA to require the City to pay contractual overtime. That argument flies in the face of the statute itself under

CH1 11313390.1

Sections 7(h) and (e), regulatory authority and Court cases (29 USC § 207 (h), (e), 29 CFR §§ 201-207, *Lamon v. City of Shawnee, Supra*)

The Tenth Circuit in *Lamon* rejected plaintiffs' arguments in unmistakable terms. (*Id*. at 1151-52). Other courts have rejected them as well. (*McGrath v. City of Philadelphia,* 864 F. Supp 466, 476 (E.D.Pa. 1994).

In fact no case has been decided that supports plaintiffs' position in this regard. Granted you look to the contract to see what wages are paid for inclusion in the regular rate. But you do not look to the contract to determine that unworked hours somehow magically become worked or that a different overtime standard either better or worse applies. This argument is without merit and accordingly it should be rejected.

## V. DEFENDANT CITY HAS ACTED IN GOOD FAITH

The uncontroverted evidence is that the City has followed FLSA guidelines in calculating overtime compensation due under the Act. The City's payroll supervisor has over 20 years experience in the field, understands the Act and refers to publications regarding it. (Trial Transcript at 82, 120-22). She keeps up to date on FLSA as part of her continuing education requirements as a certified payroll professional (*Ibid*). She reviews payroll calculations to be sure that employees are never paid less than the Act requires (Trial Transcript at 98). In fact, the whole purpose of the alternate calculation is to insure compliance with the FLSA. Thus, the City has sustained its burden of proving good faith *Zacholl v. Fear&Fear, Inc*, 9 W&H Cases 2d 952, 956 (N.D. NY 2004).

Plaintiffs have introduced no evidence to support a finding of willfulness by the City as is their burden. Under the standard for a "willful" violation under the FLSA, the Plaintiffs must prove that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133,

6

100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Negligence or an incorrect assumption that a pay plan complies with the FLSA do not meet the criteria for a willful violation of the FLSA. The burden is on the employee to prove that the employer committed a willful FLSA violation. *Gilligan v. City of Emporia, Kansas,* 986 F.2d 410, 413 (10th Cir. 1993). The evidence adduced at trial indicates a conscientious effort to comply with the Act. That effort is supported by case authority, regulatory agency opinion letters, and the statute itself. Hence, it is clear that the City did not act willfully.

## CONCLUSION

Based upon the evidence at trial, the arguments made there, herein and in the City Motion for Reconsideration, the City's Motions made at trial and for reconsideration should be granted and this case dismissed.

Respectfully submitted:

CITY OF ALBUQUERQUE
Robert M. White
City Attorney

*/s/ Electronically Filed*
Michael I. Garcia
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87103
(505) 768-4500

I hereby certify that a true copy of the foregoing pleading was e-mailed to:

Sam Bregman, Attorney for Plaintiffs
(sam@bremanlawfirm.com)

Paul Livingston, Attorney for Plaintiffs
(living@rt66.com)

Jerry Walz, Attorney for Defendant
(jerryawalz@aol.com)

7

CH1 11313390.1

Edward Bergmann, Attorney for Defendant
(ebergman@seyfarth.com)

this 25th day of September, 2007.

*/s/ Electronically Filed*
Michael I. Garcia