IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICK CHAVEZ, et al,**

      **Plaintiffs,**

v.                                           **No. CIV 02-562 JCH/ACT**

**CITY OF ALBUQUERQUE,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' *Motion for a New Trial*, filed February 1, 2008 [Doc. 284]. Plaintiffs, present and former employees of the City of Albuquerque, sued the City under the Fair Labor Standards Act ("FLSA"), arguing that the City improperly calculates overtime for its employees and has therefore underpaid them. On August 10, 2007, the Court issued a Memorandum Opinion and Order [Doc. 250], granting in part and denying in part both Plaintiffs' and Defendant's motions for summary judgment, and reserving decision on the remaining issues until after trial. Following a bench trial on the remaining issues, held on September 10, 2007, the Court issued a comprehensive *Findings of Fact and Conclusions of Law* on January 17, 2008 [Doc. 278].[1]

In their *Motion for a New Trial*, Plaintiffs contend that they were denied an opportunity at trial to present evidence on the issue of whether the City's "dual calculation" methodology for

---

[1] Because the Court has already extensively discussed the facts and its methodology in arriving at its conclusions in its 47 page Memorandum Opinion and Order [Doc. 250] and 56 page *Findings of Fact and Conclusions of Law* [Doc. 278], in this Memorandum Opinion and Order it discusses only those basic facts necessary to provide context for its decision.

calculating overtime wages violates the FLSA because they believed, based on the Court's August 10, 2007 Memorandum Opinion and Order, that all issues related to this methodology had already been resolved in Plaintiffs' favor prior to trial. Plaintiffs assert that, as a result of their understanding of the Court's earlier ruling, they did not present evidence or testimony on this issue at trial. Plaintiffs also ask the Court to revisit a ruling it made at the summary judgment stage in favor of the City regarding the proper "multiplier" to be used in calculating overtime pay.

In an Order dated May 30, 2008 [Doc. 289], the Court sought a proffer from Plaintiffs of the type of evidence and testimony that Plaintiffs felt they were denied the opportunity to present at trial, and that they would seek to present if granted a new trial. The Court sought this information only to help it determine whether a new trial is warranted, not to revisit its determination on the merits of Plaintiffs' claims, and explicitly stated that the information should be proffered in summary form only. The Court received Plaintiffs' summary proffer [Doc. 291] on June 20, 2008, and received Defendant's response to the proffer [Doc. 293] on July 16, 2008. Having considered the motion, briefs, relevant law, Plaintiffs' proffer and Defendant's response to the proffer, and being otherwise fully informed, the Court finds that Plaintiffs' *Motion for a New Trial* is not well taken and should be denied.

## BACKGROUND

Plaintiffs, approximately 760 present and former City employees entitled to have their overtime wages calculated in accordance with the FLSA, sued the City, alleging that the City's methodology for calculating overtime payments violated the FLSA. The city uses a dual method

for calculating employees' overtime, calculating what each employee is owed under the FLSA and under the terms of governing Collective Bargaining Agreements ("CBAs"), and paying the higher amount. Thus, it uses the FLSA calculation as a floor. The "regular rate" of pay under the FLSA is the hourly rate actually paid to an employee for the normal, non-overtime workweek for which he is employed. *See Aaron v. City of Wichita*, 54 F.3d 652, 655 (10th Cir. 1995). In computing the hourly regular rate of pay under the FLSA, the City includes certain add-ons and bonuses that it does not include in calculating the regular rate of pay under the CBAs. However, in determining the total amount to pay under the CBAs, the City counts certain hours paid but not worked (such as vacation and sick leave) toward the threshold of when overtime pay begins, which is not required under the FLSA. Thus, depending on the circumstances, sometimes a worker's total pay is higher under the FLSA calculation, and sometimes it is higher under the CBA calculation. The City pays the higher of the two amounts. At the heart of Plaintiffs' suit is its contention that the City's use of this "dual calculation" methodology violates the FLSA. Essentially, Plaintiffs assert that the FLSA requires that the City make only one payment calculation. They argue that the calculation must include add-ons and bonuses in calculating the hourly regular rate of pay under the FLSA and also count hours paid but not worked toward the overtime threshold because it is provided for in the workers' CBAs, even though that is not required under the FLSA.

On August 10, 2007, the Court issued a Memorandum Opinion and Order [Doc. 250], granting in part and denying in part both Plaintiffs' and Defendant's motions for summary judgment, and reserving decision on the remaining issues until after trial. One of the issues decided in Plaintiffs' favor on summary judgment concerned what components must be included

in calculating the hourly regular rate of pay under the FLSA.  The Court concluded that the City must look to the CBAs to determine what must be included in calculating the FLSA regular rate, and that, because the CBAs require inclusion of payments for hours paid but not worked, these payments must also be included in calculating the regular rate under the FLSA.  Doc. 250 at 10-16.  In other words, even though the FLSA does not mandate counting nonwork pay in its regular rate calculation in the absence of a CBA providing for it, to the extent that the City ignored nonwork pay that was provided for in the CBAs in calculating the hourly regular rate, it was violating the FLSA.

The Court's August 10, 2007 Memorandum Opinion and Order did not decide or even address the issue of whether hours paid but not worked must count for purposes of reaching the applicable overtime hours threshold under the FLSA (the "overtime threshold issue"); it only settled what payments should be counted in calculating the hourly regular rate of pay under the FLSA.  The Court held a bench trial on September 10, 2007 and issued an extensive *Findings of Fact and Conclusions of Law* on January 17, 2008 [Doc. 278] in which it ruled on, among other remaining issues, the overtime threshold issue.  It found that, as a matter of law, the City did not need to look to the CBAs to determine what hours to count toward the FLSA overtime threshold and that hours paid but not worked should not be counted toward the statutory overtime thresholds established by the FLSA.  Doc. 278 at 30-38.   In doing so, it implicitly found that the dual calculation method employed by the City did not violate the FLSA.

Plaintiffs' primary contention in its motion for a new trial is that the Court's ruling on summary judgment is inconsistent with its post-trial Findings of Fact and Conclusions of Law and that they understood the Court's ruling on summary judgment to have decided all issues

related to overtime pay (including the overtime threshold issue) in Plaintiffs' favor, and therefore did not realize that they needed to present evidence at trial that addressed the overtime threshold issue. Additionally, Plaintiffs claim that the Court erred in its decision on summary judgment, discussed in Doc. 250 at 16-29, that the "multiplier" used by the City in calculating overtime pay is correct.

## LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure provides that, after a nonjury trial, a court may grant a new trial on some or all issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). On a motion for a new trial after a nonjury trial, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). The authority to grant a new trial is addressed to the sound discretion of the trial court. *Rodgers v. Hyatt*, 697 F.2d 899, 901 (10th Cir. 1983) (citing *Allied Chemical Corp. v. Daiflon , Inc.*, 449 U.S. 33, 36 (1980)). A court should grant a motion under Rule 59(a)(2) only "to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Lyons v. Jefferson Bank & Trust*, 793 F. Supp. 989, 991 (D. Colo. 1992), *aff'd*, 994 F.2d 716 (10th Cir. 1993). The purpose of Rule 59(a)(2) is not "to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits." *Id*. (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). Motions for a new trial are generally disfavored, and should only be granted with great caution. *United States v. Mounkes*, 204 F.3d 1024, 1027-28 (10th Cir. 2000); *United States v. Quintanilla*, 193 F.3d 1139,

1146 (10th Cir. 1999).

## DISCUSSION

    1)    <u>Overtime Threshold</u>

Plaintiffs argue that they are entitled to a new trial because of an alleged "disparity" between the Court's August 2007 summary judgment rulings and its January 2008 findings of fact and conclusions of law. *Plaintiffs' Motion and Memorandum for a New Trial*, Doc. 284 at 2. Specifically, Plaintiffs maintain that the Court's summary judgment ruling necessarily resolved all overtime pay issues and questions about the City's dual calculation methodology in Plaintiffs' favor, and that they therefore presented no evidence at trial on what pay Plaintiffs actually received (which they claim would demonstrate that the City's dual calculation methodology is legally flawed). As evidence of their contention that the Court's summary judgment determination in Plaintiffs' favor covered all aspects of overtime pay issues, Plaintiffs point to the City's *Motion for Clarification or to Reconsider* [Doc. 252], filed in response to the Court's summary judgment ruling. Plaintiffs assert that the City's movement for reconsideration demonstrated that "the City shared Plaintiffs' understanding (or misunderstanding) that the Court had ruled in favor of the employees and against the City's dual calculation methodology that deprived the employees of the overtime wages to which they were entitled under their bargaining agreements *and* the FLSA." Doc. 284 at 6 (emphasis in original). In fact, the City's motion and accompanying briefs demonstrate just the opposite and serve to illustrate the narrowness of the Court's initial ruling.

The City's motion expressly sought reconsideration of the Court's order "granting summary judgment in favor of Plaintiffs as to the issue of the City's FLSA Regular Rate

Calculation." Doc. 252 at 1. In its brief, the City sought to demonstrate through citations to evidence and affidavits that it includes non-discretionary bonuses and other incentives provided for under CBAs in its calculation of the regular rate under the FLSA. It did not contest the Court's legal ruling that remunerations and non-discretionary bonuses provided for by CBAs must be included in the regular rate calculation; it only contested the Court's finding that it did not demonstrate that it includes those payments in its calculation. The only "clarification" sought by the City was as to what evidence the Court would require at trial to enable the City to demonstrate that it includes the payments in its regular rate calculation without having to introduce overwhelmingly duplicative payroll evidence. At no point did the City refer to the overtime threshold issue or the correctness of the City's dual calculation methodology that pays its workers the greater of what is required under the FLSA or the governing CBA, thus indicating its clear understanding of the narrowness of the Court's ruling.

In addition, the Court took the City's motion to reconsider under advisement and had not ruled on it at the time of trial. With the motion to reconsider still outstanding, prudence would have dictated that Plaintiff be prepared to present at trial any evidence it felt was needed to defeat the City's motion, regardless of what issues it understood the Court to have decided in its summary judgment ruling.

Because Plaintiffs argued that they were denied an opportunity at trial to present evidence on the City's "dual calculation" methodology due to their understanding of the Court's initial ruling, the Court presented Plaintiffs with an opportunity to present a proffer of the type of evidence and testimony they believe they were prevented from introducing at trial. [Doc. 289]. It appears from Plaintiffs' proffer that anything they would present at a new trial would either be

not significantly different from the evidence that the Court has already considered or not relevant to the Court's legal conclusions.

In the Court's *Findings of Fact and Conclusions of Law*, it detailed and explained the dual mathematical calculations that the City performs regarding what is required under the FLSA and what is required under the CBAs. It performed these calculations using evidence of the wages paid to City employees that Plaintiffs presented at trial. Plaintiffs state that at a new trial they would correct their failure to "present evidence of the <u>actual</u> pay they received and the basis for the City's calculation of that pay." *Plaintiffs' Summary Proffer for a New Trial*, Doc. 291 at 2 (emphasis in original). Given that at the initial trial Plaintiffs already presented evidence of the actual pay they received and the basis for the City's calculation of that pay, Plaintiffs have not demonstrated how this proposed evidence would differ from the evidence of actual pay already submitted, and even if it would somehow be different, why they are entitled to present evidence available at the time of trial but not introduced.

Plaintiffs also state that they would "present calculations based on sets of assumed facts to illustrate the differences between what was paid by the City and what should have been paid by the City under the FLSA." Doc. 291 at 4. The Court determined that the City does not need to look to the CBAs to determine what hours to count toward the FLSA overtime threshold and that hours paid but not worked should not be counted toward the statutory overtime thresholds established by the FLSA. This is a legal issue. Plaintiffs took the opportunity to present numerous figures, both actual and hypothetical, in their earlier briefs to argue that the City's method of paying workers the higher of the FLSA determination or the CBA determination violates the FLSA. The Court has rejected Plaintiffs' assertion as a legal matter. Plaintiffs'

8

proffer appears to be continuing to argue this legal point, but the Court's legal conclusion is not subject to change based on further calculations, even ones "based on sets of assumed facts." If, in fact, the City was not performing the calculations correctly, and thereby underpaying workers, that would be a matter that goes to damages rather than methodology. But Plaintiffs' argument, which continues throughout its proffer, appears to be that the City's calculations are legally incorrect rather than mathematically flawed, and that is not something that further evidence at a new trial would change.

Additionally, Plaintiffs' proposed evidence and testimony relate to issues not relevant to the Court's determinations. For instance, Plaintiffs contend that "[a]t a new trial, it would be shown that the City violates its union contracts when calculating overtime wages under the FLSA." Doc. 291 at 4. As explained by the Court in its summary judgment ruling, whether the City has violated its CBAs with the union is not before this Court. *See* Doc. 250 at 13, n.7. Similarly, testimony on "the role, the limited authority, and the inability of the City-Labor Management Relations Board to provide a remedy for violations of contractual provisions related to calculation of overtime wages under the FLSA," Doc. 291 at 4-5, is irrelevant for the same reason. Finally, Plaintiffs' proposal to offer testimony related to the Department of Labor's regulations and its failure to approve the City's method of calculating overtime or the unique nature of the City's dual calculation methodology would merely rehash legal arguments already pursued thoroughly in Plaintiffs' extensive briefing. None of the proffered evidence or testimony enables Plaintiffs to meet the exacting standards required for granting a new trial.

  2)  <u>Overtime "Multiplier"</u>

In addition to arguing that they should receive a new trial because of their claimed

previous inability to present evidence, Plaintiffs also ask the Court to revisit the issue of the "multiplier" used to calculate overtime pay. Doc. 284 at 11. A motion for a new trial is not the proper vehicle to challenge the Court's ruling on this issue, and Plaintiffs admit that this issue would be "most appropriately addressed by Plaintiffs' challenge on appeal." *Id*. at 13. The Court agrees. Plaintiffs' request fails to set out any law or fact not considered by this Court prior to its ruling contained its Memorandum Opinion and Order of August 10, 2007, and it is therefore denied. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for a New Trial* [Doc. 284] is DENIED.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE