# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

PATRICK CHAVEZ, JEANNINE CHAVEZ,
RUDY CAMPOS, MICHAEL COCCHIOLA,
and FORTINO ORTEGA
on behalf of themselves and all other
City employees who have been paid                     CIV 02-0562 JH/ACT
overtime that was improperly determined
under 29 U.S.C.A. § 207(a)(1) (Section
7(a)(1) of the Fair Labor Standards Act),

          Plaintiffs,

v.

CITY OF ALBUQUERQUE,

          Defendant.

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF RULE 58 FINAL JUDGMENT AND ORDER OF DISMISSAL

Defendant, City of Albuquerque ("City"), by its attorneys, presents the following Reply

in Further Support of Its Motion For Entry of Rule 58 Final Judgment and Order of Dismissal.

## BACKGROUND[1]

Plaintiffs, present and former City employees, sued the City under the Fair Labor

Standards Act ("FLSA") arguing the City improperly calculates overtime for its employees.

Docket 278 at ¶ 1.[2]  On August 10, 2007, this Court issued a Memorandum Opinion and Order

wherein it granted in part and denied in part Plaintiffs' and the City's Motions for Summary

Judgment.  Docket 250.  The Court held a bench trial September 10, 2007.  Docket 278 at 1.  On

---

[1] On January 17, 2008, this court issued Findings of Facts and Conclusions of Law.  The City repeats only the basic facts to explain the context for why the Court should enter a final judgment under Fed. R. Civ. P. 58 and enter an order dismissing the case in its entirety.

[2] Defendant refers to documents in the Court's record by their docket number and specific page or paragraph number; for example, "docket # at #," or "docket # at ¶ #."

January 17, 2008, it issued Findings of Fact and Conclusions of Law finding in favor of the City on all remaining issues except for the inclusion of vacation and sick leave sale-back proceeds in overtime. Docket 278. This complex issue has lead to a split between the Eighth and Sixth Circuits.

On February 1, 2008, Plaintiffs moved for a new trial, contending they were denied an opportunity to present certain evidence at trial because of their mistaken belief that the court had already decided issues relating to the City's "dual calculation" methodology prior to trial. Docket 284. This motion was fully briefed by the parties. Docket 284, 286-288. On July 1, 2008 the Court ordered that "further information would be helpful prior to deciding Plaintiffs' *Motion for a New Trial*" and accordingly, ordered Plaintiffs to "submit a proffer of the type of evidence and testimony that they would seek to present if granted a new trial." Docket 298. On June 20, 2008, Plaintiffs proffered evidence purporting to justify a new trial. Docket 291. On September 19, 2008, the Court denied Plaintiffs' Motion For A New Trial. Docket 294.

In opposing the City's Motion for entry of a final judgment and an order of dismissal, Plaintiffs once again repeat the same arguments. Since their Motion For A New Trial was denied, Plaintiffs attempt once again to get a new trial on issues on which they failed to meet their burdens. Plaintiffs are incorrect that "there is an issue of damages that remains unlitigated." Rather, the issue of damages *was litigated* and Plaintiffs failed to prove their entitlement to any damages.

## ARGUMENT

Plaintiffs are correct that the Court ruled in their favor on their claim that the City fails to include vacation and sick leave buy back in the calculation of the statutory "regular rate" of pay in violation of the FLSA's overtime pay requirements. *See* docket 297 at 2. However, Plaintiffs

are incorrect that damages issues remain unlitigated.  A trial was held on all issues that remained in the case at the time of trial, including damages issues.

The Court never bifurcated trial of this case between liability issues and damages issues. Rather, a single trial was held.  Bifurcation is not automatic or assumed—it must be granted under Fed. R. Civ. P. 42(b).  *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999) (rejecting plaintiff's argument that he was prejudiced by court's failure to bifurcate the liability and damages phases of trial and noting plaintiff "did not ask the district court to bifurcate the proceedings"); *Desmare v. New Mexico*, No. CIV 07-199 JB/RHS, 2007 WL 5231690, at *7 (D. N.M., Aug. 14, 2007) ("the Court *may entertain* a motion to bifurcate the punitive damages claim from the rest of trial") (emphasis added).

Here, Plaintiffs can point to no authority for the proposition that they are now entitled to another trial on damages where they failed to prove damages at trial.  Plaintiffs have already sought another trial.  *See* docket 284.  Their Motion For A New Trial was denied.  It would be improper for the Court now to grant a new trial where Plaintiffs cannot meet the burdens and obligations of Fed. R. Civ. P. 59.  Nor can Plaintiffs point to any authority for the proposition that a trial is automatically bifurcated between liability and damages, absent an order of the Court or a stipulation by the parties.

Moreover, although Plaintiffs now claim they should be allowed another opportunity to prove damages, they in fact did *attempt* to prove damages at trial.   For example, Plaintiffs presented evidence of the wages the City paid certain employees.  *E.g.*, docket 278 at 14 ("In addition to the two pay stubs, Plaintiffs also presented evidence of the wages the City paid to Mr. Morgan…"); 26 ("Plaintiffs submitted into evidence a pay stub for Mr. Cartwright…").  It is disingenuous for Plaintiffs to now claim they did not have the opportunity prove damages when

they entered exhibits into evidence, including pay stubs, that clearly touch on damages. It is similarly unreasonable for Plaintiffs to argue that they were not aware of the issue of the inclusion of vacation and sick leave buy back in the over-time calculation when they raised the issue in dispositive motions well in advance of trial.

Plaintiffs also cannot explain their failure to bring up the issue of damages between trial and now. Trial in this case was held on September 10, 2007. Almost a year and a half has passed since trial. At no point during this time, did Plaintiffs request a hearing on alleged damages issues. Rather, Plaintiffs waited until the City brought this Motion to bring forward their theory that damages issues remain. Plaintiffs' failure to raise the issue of damages until now cannot be explained and is inconsistent with Plaintiffs' duty to advance their case. Plaintiffs' opposition to the City's Motion for a Final Judgment is nothing more than a last-ditch effort to relitigate losing claims and claims for which they failed to prove damages.

Trial was not bifurcated and Plaintiffs had the obligation to prove liability *and* damages during the trial that was already held. Plaintiffs' Motion For A New Trial was denied and they now, improperly, move for a new trial once again, attempting to circumvent Fed. R. Civ. P. 59. Nothing remains for the District Court to determine and the Court should enter Final Judgment under Fed. R. Civ. P. 58 and enter an order dismissing the case in its entirety.

## CONCLUSION

For the reasons herein and for the reasons explained in Defendant's Memorandum in Support of Motion for Entry of Rule 58 Final Judgment and Order of Dismissal, docket 296, Defendant, the City of Albuquerque, respectfully requests that the Court grant its Motion for Entry of Rule 58 Final Judgment and Order of Dismissal.

CH1 11689081.1

Respectfully submitted:

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney


/s/ Michael I. Garcia_____
Michael I. Garcia
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500

I HEREBY CERTIFY that on the 20th day
Of March, 2008, I filed the foregoing electronically
Through the CM/ECF system, which caused the
Following parties or counsel to be served by electronic
Means, as more fully reflected on the Notice of Electronic
Filing:

Edward W. Bergmann
Attorney for Defendant
ebergmann@seyfath.com

Jerry A. Walz
Attorney for Defendant
jerryawalz@walzandassociates.com

Sam Bregman
Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston
Attorney for Plaintiffs
living@Rt66.com

*/s/ Michael I. Garcia*
Michael I. Garcia
Assistant City Attorney

5