IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK CHAVEZ, JEANNINE CHAVEZ,
RUDY CAMPOS, MICHAEL COCCHIOLA,
and FORTINO ORTEGA
on behalf of themselves and all other
City employees who have been paid
overtime that was improperly determined         CIV 02-0562 JH/ACT
under 29 U.S.C.A. § 207(a)(1) (Section
7(a)(1) of the Fair Labor Standards Act),
           Plaintiffs,

    v.

CITY OF ALBUQUERQUE,

           Defendant.

## STIPULATION AS TO DAMAGES

The Plaintiffs, by their attorneys, and the Defendant City of Albuquerque, by its attorneys hereby stipulate as follows as to the remaining damage issue in the case, namely the impact on overtime compensation of the inclusion of the cash proceeds of sale backs by Plaintiffs to the City of vacation and sick pay benefit time in the calculation of overtime for the period covered by the sale backs.

    1.    The period covered by the sales backs is one year as they occur annually

    2.    The amount set forth in the City's calculation of the overtime increment, which was intended as an offer of judgment, using a 3% factor, which assumed an average of 135 annual hours of statutory overtime by non-public safety employees is set forth below. The same factor was used for statutory overtime for Fire Department Plaintiffs covered by § 7(k) of the Fair Labor Standards Act based upon their 24 day period work schedule. Police Plaintiffs covered by § 7(k) were separately treated.

3. The parties stipulate that if a trial on damages were held the evidence would show the amounts stipulated as to Non-Public Safety (misc.) Plaintiffs and Fire Department Plaintiffs as set forth in Exhibit A to this stipulation through July 2008. Additional amounts would be determined if applicable following exhaustion of any appeals.

4. While the parties recognize significant credits under § 7(h) of the Fair Labor Standards Act are applicable to Police Department Plaintiffs, due to the overtime standards of § 7(k) they agree to the damages set forth in Exhibit B to this stipulation, as what would be proven at trial through July 28, 2008 as set forth in paragraph 3 above.

5. In agreeing to this stipulation, the parties to it do not waive any legal arguments that they have relative to the calculation of overtime compensation or the application of credits under the Fair Labor Standards Act and the parties expressly reserve their right to appeal any adverse rulings in the case.

6. This stipulation is entered into solely to avoid a trial on the remaining damage issue and allow the Court to enter a final judgment (appealable order). It is understood and agreed by the parties that the amounts stipulated are subject to reconsideration and further stipulations following exhaustion of appeals.

                                              Respectfully submitted,

| Telephonically approved 9/11/09 | /s/ electronically signed |
|---|---|
| Sam Bregman<br>Eric Loman<br>111 Lomas Blvd., N.W., Suite 230<br>Albuquerque, N.M. 87102 | Michael I. Garcia<br>City of Albuquerque Legal Department<br>P.O. Box 2248<br>One Civil Plaza<br>Albuquerque, New Mexico 87102 |
| Paul Livingston<br>P.O. Box 250<br>Placitas, N.M. 87043 | Edward W. Bergmann<br>Seyfarth Shaw LLP<br>131 S. Dearborn<br>Chicago, Illinois 60603 |

CH1 11787161.1

Dated: 9/11/09

I hereby certify that on the 11th day of September, 2009, a true and correct copy of the foregoing pleading was filed electronically and mailed to the following counsel of record:

  /s/ Electronically signed
Michael I. Garcia

CH1 11787161.1